UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KIMBERLY MARIE RICE, #796715,

        Petitioner,

                              Civil No. 1:12-CV-12135
v.                                Honorable Thomas L. Ludington

MILLICENT WARREN,

        Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Petitioner Kimberly Marie Rice, a Michigan prisoner, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In her application, Petitioner challenges the propriety of her sentence. Petitioner pleaded guilty to second-degree murder, Mich. Comp. Laws § 750.317, on February 14, 2011 and was sentenced to 14 to 30 years imprisonment on March 3, 2011 pursuant to a plea and sentencing agreement in the Wayne County Circuit Court. Petitioner pursued a direct appeal in the state courts, but the Michigan appellate courts denied her leave to appeal. In her habeas application, Petitioner asserts that her sentence was imposed in violation of her Sixth Amendment rights.

I.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the court must

summarily dismiss the petition. *Id.*; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to state a claim upon which federal habeas relief may be granted. The Court, therefore, will summarily dismiss the petition.

II.

Petitioner asserts that she is entitled to habeas relief because the trial court violated her Sixth Amendment right to a trial by jury by relying upon facts to impose her sentence which had not been proven to a jury beyond a reasonable doubt nor admitted by her. Petitioner cites *Blakely v. Washington*, 542 U.S. 296 (2004), in support of her position. However, her claim that Michigan's sentencing guideline system, where judge-found facts are used to establish the minimum sentence of an indeterminate sentence, violates the Sixth Amendment has been foreclosed by the Sixth Circuit's decision in *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) ("[Petitioner] argues that the Michigan trial judge violated *Apprendi* by finding facts that raised his minimum sentence. But *Harris v. United States* [536 U.S. 545] tells us that *Apprendi*'s rule does not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable

statutory maximum."); *see also Montes v. Trombley*, 599 F.3d 490, 495 (6th Cir. 2010) (the *Blakely-Apprendi* rule requiring any fact that increases the penalty for a crime beyond the prescribed statutory maximum to be submitted to a jury and proved beyond a reasonable doubt does not apply to laws that set the maximum sentence by statute but that permit a judge to determine the minimum sentence through judicial factfinding, and does not preclude a judge from utilizing the preponderance-of-the-evidence standard when finding facts related to sentencing). This Court is bound by the Sixth Circuit's decisions. Because Petitioner's sentence falls within the statutorily-authorized maximum penalty of life imprisonment, which was not enhanced by judicial factfinding, no Sixth Amendment violation has occurred. Moreover, the sentence that Petitioner received was the product of an agreement she accepted before she tendered her plea. Petitioner has failed to state a claim upon which federal habeas relief may be granted as to this issue. Her petition must therefore be dismissed.

### III.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a habeas claim on the merits, the substantial showing threshold is met if Petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claim.

*Id.* at 336-37. Based upon the foregoing discussion, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to her habeas claim and a certificate of appealability will be denied. The Court will also deny Petitioner leave to proceed *in forma pauperis* on appeal as any appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

VI.

The Court concludes that Petitioner has failed to state a claim upon which federal habeas relief may be granted in her petition. Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus (ECF No. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED.**

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 30, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means and on Kimberly Rice, #796715, Women's Huron Valley Correctional Facility, 3201 Bemis Road, Ypsilanti, Michigan 48197, by first class U.S. mail on May 30, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS